UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)
www.flmb.uscourts.gov

In re

LATITUDE 360, INC. f/k/a Latitude
Global Inc., successor in interest to
Latitude Global Acquisition Corp.
through merger,

    Debtor.
_____/

CASE NO. 3:17-BK-00086-JAF
CHAPTER 11

**LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF
FINAL DECREE AND CERTIFICATE OF SUBSTANTIAL CONSUMMATION**

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 14 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

    If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 and serve a copy on the movant's attorney, Catrina H. Markwalter, Esq., 2220 CR 210 West, Suite 108 # 514, Jacksonville, FL 32259, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

    If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

    The Liquidating Trustee, Mark C. Healy, by and through his undersigned attorney, pursuant to

Section 350(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 3022, and Local Rule

3022-1, moves for the entry of a Final Decree closing this Chapter 11 Bankruptcy Case and in support states as follows:

1. The Order Confirming Plan of Reorganization (Doc. No. 341) (the "Order") was entered on December 23, 2019. The Plan provided for distribution to priority wage and tax claims.

2. The Effective Date of the Plan (Doc. No. 355) was January 9, 2020. The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

3. The Liquidating Trustee has made all of the priority wage claim payments and the majority of all priority tax claim payments. Pursuant to Section 9.04 of the Plan, the Liquidating Trustee is in the process of reconciling all uncashed and returned payments for priority wage claims which will be redistributed to the priority tax claims.

4. Attached is the Liquidating Trustee's certificate of substantial consummation.

5. Thus, in accordance with Federal Rules of Bankruptcy Procedure 3022, the Plan has been substantially consummated and the Liquidating Trustee requests that this Court enter a Final Decree closing the case.

WHEREFORE, the Liquidating Trustee, Mark C. Healy, respectfully requests this Honorable Court grant this Motion for Final Decree, enter a Final Decree, and granting any such further relief that this Court deems just and proper under the circumstances of the case.

Dated: June 23, 2020               **TAYLOR ENGLISH DUMA LLP**

/s/ CATRINA H. MARKWALTER
Catrina H. Markwalter, Esq.
Florida Bar No. 71999
cmarkwalter@taylorenglish.com
2220 County Road 210 West
Suite 108, PMB 514
Jacksonville, Florida 32259
Telephone: 404-640-5929
*Attorneys for Liquidating Trustee*

**Certificate of Service**

I hereby certify that on June 23, 2020 the foregoing application was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, Florida 32801 and all parties who have consented to receiving electronic notifications in this case.

/s/ CATRINA H. MARKWALTER
Attorney

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(JACKSONVILLE DIVISION)
www.flmb.uscourts.gov

In re

LATITUDE 360, INC. f/k/a Latitude
Global Inc., successor in interest to
Latitude Global Acquisition Corp.
through merger,

    Debtor.
_____/

CASE NO. 3:17-BK-00086-JAF
CHAPTER 11

## LIQUIDATING TRUSTEE'S CERTIFICATE OF SUBSTANTIAL CONSUMMATION

Under penalty of perjury, I, Mark C. Healy declare that:

1. I am the Liquidating Trustee. I have possession and custody of the books and records relating to tpayment of claims and distribution of property under the Plan (Doc. No. 200).

2. Property has been distributed pursuant to the provisions of the Plan and the Order Confirming Plan (Doc. No. 341). The only remaining distribution to be made under the terms of the Plan (Doc. No. 200) will be a final distribution to the priority tax claims pursuant to Section 9.04 of the Plan after all returned and uncashed checks previously distributed to priority wage claimants have been reconciled.

3. The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2) and the Liquidating Trustee's Final Report shall be filed within thirty (30) days of entry of the Final Decree.

Dated: June 17, 2020

                                                          Mark C. Healy, Liquidating Trustee